UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ABDUL HOWARD,

    Plaintiff,

v.

CLARK COUNTY, et al.,

    Defendants.

Case No. 2:16-cv-02318-RFB-VCF

SCREENING ORDER
ON SECOND AMENDED
COMPLAINT

Plaintiff, who is a prisoner in the custody of the Clark County Detention Center ("CCDC"), has submitted a second amended civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion for reconsideration. (ECF Nos. 11, 14.) The Court now screens Plaintiff's second amended civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses Plaintiff's motion.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  PROCEDURAL HISTORY

On October 11, 2017, this Court screened Plaintiff's first amended complaint. (*See* ECF No. 6.) Plaintiff sued multiple defendants for events that took place while Plaintiff was incarcerated at the CCDC. (ECF No. 7.) Plaintiff asserted three counts against Defendants Clark County, Sletten Construction, Sheriff Lombardo, Las Vegas Metropolitan Police Department Detention Service Division, Clark County Detention Center, and John Doe owner of CCDC. (*Id.* at 1-2.) The Court granted Plaintiff leave to amend his complaint as follows: (1) in Count I, Plaintiff was given leave to amend an Eighth Amendment deliberate indifference claim; (2) in Count II, Plaintiff was given leave to amend a Fourteenth Amendment access to courts claim and a Fourth Amendment claim related to excessive strip searches; and (3) in Count III, Plaintiff was given leave to amend an Eighth Amendment conditions of confinement claim as to Defendants Doe,

Lombardo, Clark County, and Sletten Construction. (ECF No. 6.) The Court dismissed, with prejudice, Defendants Las Vegas Metropolitan Police Department Detention Service Division ("LVMPDDSD") and Clark County Detention Center. (*Id.* at 13.)

### III. SCREENING OF SECOND AMENDED COMPLAINT

The Court has thoroughly reviewed Plaintiff's second amended complaint and finds that Counts I and II are identical to his Count I and II claims in his first amended complaint. (*Compare* ECF No. 7 at 3-7 *with* ECF No. 14 at 3-7.) As to Count III, Plaintiff does provide additional detail, but he fails to properly amend the claim as directed in the original screening order. (*Compare* ECF No. 7 at 8-9 *with* ECF No. 14 at 8-10.)

Further, in the first amended complaint, Plaintiff had a Count IV claim titled "Municipality" (*See* ECF No. 7 at 11.) The Court did not analyze this Count as it contained no factual allegations, but instead recited case law related to suing a municipality. (*See id.*) In his second amended complaint, Plaintiff includes the same Count IV Municipality page, but also adds an additional page of factual allegations. (*See* ECF No. 14 at 12-13.) Plaintiff adds additional details to his excessive strip search claim, access to courts claim, and conditions of confinement claim. (*Id.* at 13.) However, this additional detail fails to properly amend the claims as directed in the original screening order and instead re-alleges what is contained in Counts II and III.

Because Plaintiff was given an opportunity to amend these Counts, but failed to do so, Counts I, II, III, and IV are dismissed, with prejudice, as amendment would be futile. The Court will now address Plaintiff's Count V claim.

In Count V, Plaintiff alleges that Defendant Las Vegas Metropolitan Police Department Detention Service Division violated Plaintiff's right to access courts. (*Id.* at 14-15.) However, Defendant LVMDDSD was dismissed, with prejudice, from this action in the Court's prior screening order. (*See* ECF No. 6 at 13.) Accordingly, Count V is dismissed, with prejudice, as amendment would be futile.

/ / /

/ / /

## IV. MOTION FOR RECONSIDERATION

On November 27, 2017, Plaintiff filed a motion for reconsideration of this Court's screening order on Plaintiff's amended complaint. (ECF No. 11.) In light of the filing of Plaintiff's second amended complaint (ECF No. 14) and the present screening order, Plaintiff's motion for reconsideration (ECF No. 11) is denied as moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's second amended complaint (ECF No. 14) is the operative complaint in this case.

**IT IS FURTHER ORDERED** that the second amended complaint (ECF No. 14) is dismissed in its entirety, with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (ECF No. 11) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**DATED** this 22nd day of December 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE